ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
AMI SANGHVI, SBN 4407672 (NY)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Avenue, 5th Fl. W, POB 36025
San Francisco, CA  94102
Telephone No. (415) 522-3071
ami.sanghvi@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>         Plaintiff,<br><br>    vs.<br><br>IXL Learning, Inc.,<br><br>         Defendant. | Case No.:  17-cv-02979<br><br>**COMPLAINT**<br><br>Civil Rights – Employment Discrimination<br><br>**DEMAND FOR A JURY TRIAL** |

## NATURE OF THE ACTION

Plaintiff United States Equal Employment Opportunity Commission (EEOC) brings this action pursuant to Title VII of the Civil Rights Act of 1964, Title V of the Americans with Disabilities Act, and Title I of the Civil Rights Act of 1991 to correct the unlawful employment practice of retaliation.  The EEOC alleges that Defendant, IXL Learning, Inc., discriminated against its former employee, Charging Party Adrian Scott Duane, by terminating his employment for engaging in protected opposition activity.  The EEOC seeks to provide appropriate relief to Charging Party and seeks injunctive relief against Defendant.

## JURSIDICTION AND VENUE

1.   This Court has jurisdiction pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345.

2.   This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42

U.S.C. § 2000e-5(f)(1) and (3) and Section102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. This action is also authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Venue is proper in the United States District Court for the Northern District of California because the employment practices occurred in Defendant's headquarters in San Mateo, California.

### PARTIES

5. Plaintiff Equal Employment Opportunity Commission (EEOC) is the federal agency charged with the administration, interpretation, and enforcement of Title VII and Title I of the ADA, and is expressly authorized to bring this action pursuant to 42 U.S.C. § 2000e-5(f)(1) and (3) and 42 U.S.C. §12117(a) (incorporating by reference Section 706 (f)(1) and (3) of Title VII).

6. At all relevant times, Defendant IXL Learning, Inc. (IXL) has been headquartered in San Mateo, California and has had another office in North Carolina.  IXL has at all relevant times engaged in an industry affecting commerce within the meaning of Section 701(h) of Title VII, 42 U.S.C. § 2000e(h) (incorporating by reference Section 2(c) of the Labor Management Reporting and Disclosure Act of 1959, as amended, 29 U.S.C. 401 et seq.) and Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).  Defendant has employed well over fifteen people for at least twenty calendar weeks in the current or preceding year, and is therefore an "employer" under 42 U.S.C. § 2000e(b).

7. At all relevant times, IXL has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

### ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the initiation of this lawsuit, Adriane Scott Duane filed a charge of discrimination with the EEOC alleging, *inter alia*, that IXL discriminated against him in violation of the retaliation provisions of Title VII and the ADA.

9.   On April 22, 2016, the EEOC issued a Letter of Determination finding reasonable cause to believe that IXL violated the retaliation provisions of Title VII and the ADA.

10. On June 22, 2016, EEOC invited IXL to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The EEOC communicated with IXL to provide IXL the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The EEOC was unable to secure from IXL a conciliation agreement acceptable to the Commission.

13. On July 28, 2016, the EEOC issued a Notice of Failure of Conciliation.

14. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. Duane, a transgender man, began working for IXL as a Product Analyst in July 2013.

16. During his employment, Duane perceived IXL's workforce as almost entirely White or Asian.  He discussed with coworkers his impressions about the culture at IXL being unwelcoming to employees who are not White or Asian American, who are not able-bodied, and who do not fit into neat categories of gender identity, orientation, and expression.

17. Throughout his employment, employees probed Duane with inappropriate questions about his gender identity and orientation.  On at least one occasion, after seeing scars on Duane's chest, an employee asked another co-worker if Duane used to be a girl.  Similarly, upon learning that Duane was in a relationship with a woman, a co-worker asked Duane if it was his first time dating a woman.

18. IXL provided employees with unlimited sick leave as a benefit of employment.

19. In July 2014 Duane notified his supervisor about the need for approximately 6-8 weeks of leave for a surgery in November.

20. In September 2014, IXL approved Duane's disability leave and processed the necessary paperwork for California State Disability Insurance benefits.

21. On October 3, 2014 Duane emailed his team members that he would begin a two month leave of absence in November for a surgery and that he wished to keep the details private.

22. For approximately six weeks prior to his leave, IXL permitted Duane to work remotely so he could attend weekly pre-operation appointments.

23. Duane started approximately eight weeks of approved short-term disability leave on October 30, 2014 in order to undergo and recover from gender confirmation surgery.

24. At the conclusion of his leave, Duane developed post-operative complications, which required rest in order to effectuate a full recovery.

25. Duane requested a 50% remote work arrangement in order to accommodate his recovery. Duane's manager resisted providing the accommodation and instead suggested that Duane take additional leave until he was able to return.

26. Duane informed IXL that he consulted with an employment attorney who advised that remote work requests because of a medical condition qualified as a reasonable accommodation under the Americans with Disabilities Act.

27. After Duane's self-advocacy, IXL relented and allowed Duane to work from home 50% of the time.  IXL informed Duane that it planned to set up a system to monitor his remote work progress.

28. Duane provided a note from his surgeon supporting his reasonable accommodation request. The surgeon advised that Duane work remotely for at least four more weeks for postoperative healing.

29.  IXL presented Duane with a detailed remote work plan upon Duane's return to work on December 30, 2014.  That day Duane learned that at least two other employees were permitted to

work remotely between 50% and 100% of the time and were not subject to such a detailed remote work arrangement.  Duane understood that these employees were cisgender, heterosexual, and non-disabled.

30. That evening Duane posted a message on Glassdoor.com, a jobs recruiting and ratings website, which stated, in relevant part: "There are no politics if you fit in.  If you don't –that is, if you're not a family-oriented white or Asian straight or mainstream gay person with 1.7 kids who really likes softball – then you're likely to find yourself on the outside. Treatment in the workplace, in terms of who gets flexible hours, interesting projects, praise, promotions, and a big yearly raise, is different and seems to run right along these characteristics."  Duane also posted "[m]ost management do not know what the word 'discrimination' means, nor do they seem to think it matters."

31. On January 6, 2015, Duane directly reported, in a meeting with his supervisor, his concerns about experiencing discrimination in the workplace.  The supervisor promised to alert the CEO about Duane's complaints.

32. On January 7, 20015, CEO Paul Mishkin emailed Duane to set up a meeting for January 8, 2015 to discuss his discrimination complaints.

33. Also on or about January 7, 2015, HR Manager Maricelo Prado discovered Duane's Glassdoor.com posting and forwarded it to CEO Mishkin.  Although the posting was anonymous, IXL suspected that Duane had written it.

34. On January 7, 2015, CEO Mishkin decided to fire Duane the following day.

35. On January 8, 2015, Duane met with CEO Mishkin and outlined the concerns he had about discrimination.

36. During the meeting, CEO Mishkin confronted Duane about the Glassdoor.com post. After confirming that Duane had written the post, CEO Mishkin terminated Duane's employment.

Equal Employment Opportunity Commission
450 Golden Gate Avenue, 5th Floor W., POB 36025
San Francisco, CA 94102

37. IXL admits that the reason for terminating Duane was the December 30, 2014 post on Glassdoor.com

38. IXL retaliated against Duane by terminating him for engaging in legally protected employment activities by publicly posting on a website his opposition to discrimination at IXL in violation of the Title VII and ADA retaliation provisions.  42 U.S.C. §§ 2000e-3(a), 12203(a).

39. As a direct and proximate result of IXL's violation of 42 U.S.C. §§ 2000e-3(a) Duane suffered actual damage, including but not limited to losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

40. As a direct and proximate result of IXL's violation of 42 U.S.C. §12203(a) Duane suffered actual damage, including but not limited to losses in compensation and benefits.

41. IXL's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard for Duane's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Issue a permanent injunction prohibiting IXL, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from retaliating against employees who have reasonably engaged in activities protected by Title VII based on a reasonable and good faith belief that the conduct opposed is, or could become, unlawful.

B.   Issue a permanent injunction prohibiting IXL, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from retaliating against employees who have reasonably engaged in activities protected by the ADA based on a reasonable and good faith belief that the conduct opposed is, or could become, unlawful.

C.  Order IXL to institute and carry out policies, practices, and programs which allow employees to engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

Equal Employment Opportunity Commission
450 Golden Gate Avenue, 5th Floor W., POB 36025
San Francisco, CA 94102

D.  Order IXL to make Duane whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.  Order IXL to make Duane whole, by providing compensation for past and future nonpecuniary losses resulting from the unlawful retaliation complained of in paragraphs 30 to 38 above, including emotion pain, suffering, inconvenience, loss of enjoyment of life, and humiliation.

F.  Order IXL to pay Duane punitive damages for its malicious and reckless conduct, as described in paragraphs 30 to 38 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Dated: May 24, 2017          */s/ Roberta L. Steele*
ROBERTA STEELE
Regional Attorney

Dated: May 24, 2017          */s/ Marcia L. Mitchell*
MARCIA L. MITCHELL
Supervisory Trial Attorney

Dated: May 24, 2017          */s/ Ami Sanghvi*
AMI SANGHVI, Senior Trial Attorney
Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Avenue, 5th Fl. W., POB 36025
San Francisco, CA 94102

*Attorneys for Plaintiff*