UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IXL LEARNING, INC.,<br><br>Defendant. | Case No. 17-cv-02979-VC<br><br>**ORDER GRANTING MOTION TO INTERVENE**<br><br>Re: Dkt. No. 19 |

In ordinary circumstances, the stipulated dismissal of the prior lawsuit with prejudice would bar Adrian Scott Duane's intervention in this lawsuit by the EEOC, and would preclude the EEOC from seeking damages on Duane's behalf. *See California v. IntelliGender, LLC*, 771 F.3d 1169, 1179 (9th Cir. 2014); *Leon v. IDX Systems Corp.*, 464 F.3d 951, 962-63 (9th Cir. 2006); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 923 (9th Cir. 2003); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714-15 (9th Cir. 2001). However, concurrent with the voluntary dismissal of the prior lawsuit, Duane and IXL agreed that Duane would be permitted to intervene in this lawsuit notwithstanding dismissal of the prior lawsuit with prejudice. *See* Dkt. No. 24-3. By agreeing to Duane's intervention, IXL was agreeing that Duane could engage in "claim-splitting," and that a res judicata defense would not apply to Duane's participation as a party in the EEOC's lawsuit. *See Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1289 (11th Cir. 2004); *Int'l Union of Operating Engineers-Employers Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1432-33 (9th Cir. 1993); *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *3-5 (N.D. Cal. Mar. 26, 2012).

Now, Duane has moved to intervene in this case. Duane is asserting a claim under Title VII that IXL retaliated against Duane for posting a negative comment about the company on Glassdoor.com – the same claim that the EEOC is bringing. Pursuant to the prior agreement, IXL does not oppose intervention to this extent. But Duane also seeks to add a state law claim (one that he didn't assert in the prior lawsuit). And he seeks to assert a different factual theory in support of the Title VII claim. *See* Dkt. No. 20-1. IXL opposes these additions, arguing that the dismissal of Duane's prior lawsuit with prejudice bars him from asserting any claims or theories in this case beyond what the EEOC has included in its complaint, because IXL didn't agree to claim-splitting with respect to the additions. Duane responds that the dismissal and the parties' claim-splitting agreement only bar claims he actually brought in the prior lawsuit, meaning that he may intervene now to pursue not only the claims brought by the EEOC, but also any other claims he didn't previously assert.

The current record suggests that IXL is likely correct. In the email exchange where the lawyers for Duane and IXL agreed to dismiss the first case, IXL's counsel stated that IXL would not oppose Duane's intervention in the EEOC case. *See* Dkt. No. 24-3. The emails appear to reflect IXL's consent to Duane's participation in the case that the EEOC had already filed, rather than consent for Duane to expand the case. This is illustrated, for example, by the assertion by IXL's counsel that he believed Duane had the "right" to intervene. *Id.* This was in reference to the fact that Title VII claimants generally have a statutory right to intervene in cases brought by the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). But that statutory right is to intervene to assert Title VII claims; it is not a statutory right to intervene to bring other claims, such as the state law claim Duane attempts to add. There must be an independent basis for bringing such an additional claim. And the state law claim Duane wishes to bring appears to be barred, under res judicata principles, by the dismissal of the prior lawsuit with prejudice.

The EEOC has filed a brief in support of Duane's attempt to assert the additional state law claim. In so doing, the EEOC argues that the stipulated dismissal of the prior lawsuit reflects an intent by Duane and IXL to allow Duane to assert any claim in this lawsuit that was

not actually asserted in the prior lawsuit. *See* Dkt. No. 37. It is difficult to understand how this could be true. The stipulation to dismiss did not specify which claims Duane was preserving. And it used the kind of language one would normally use to dismiss a lawsuit in its entirety, referencing dismissal of "all claims pending in this action." Dkt. No. 22-3. The EEOC interprets this language as reflecting an intent to avoid the dismissal of other claims not pending in the action. But one can't dismiss claims that are not pending in an action, so it makes little sense to interpret the language of the stipulation as attempting to avoid dismissing hypothetical claims not pending in the action.

The problem with the EEOC's argument is that it seems to assume that the claim-splitting agreement between Duane and IXL is reflected in the stipulated dismissal. But that dismissal is simply a dismissal. The agreement regarding claim-splitting (that is, the agreement about the *effect* of the dismissal) is in the email exchange between the lawyers for Duane and IXL regarding Duane's ability to intervene. And that email exchange does not appear to reflect a meeting of the minds between Duane's counsel and IXL's counsel to allow Duane to expand the EEOC lawsuit. It appears to show that although Duane's counsel (to the extent he was thinking about it at all) may have believed he was preserving Duane's right to assert additional claims in this lawsuit, IXL's counsel (to the extent he was thinking about it at all) believed he was agreeing only to allow Duane to intervene to assert the claims the EEOC was already asserting. In other words, it appears that the best Duane can hope for is a conclusion that there was no meeting of the minds on whether res judicata would bar Duane from pursuing any claims beyond those which the EEOC was already pursuing. This would mean that IXL didn't waive its res judicata defense as to those claims.

However, the record with respect to the agreement between Duane and IXL regarding the preclusive effect of the prior dismissal is messy and potentially incomplete. The email exchange about intervention is ambiguous, in no small part because both lawyers approached the issue with little care, thought, or precision. And the briefing submitted by Duane and IXL in

connection with this issue has thus far been of poor quality, raising still more questions.[1] These failures mean that it would be premature, in the context of this motion to intervene, to definitively adjudicate IXL's res judicata defense. Therefore, the motion to intervene is granted in full, with the understanding that IXL may further pursue its res judicata defense in discovery, and raise it again (with a properly developed record) at the summary judgment stage of the case, with the likely result being that Duane will be precluded from asserting his state law claim and any factual theories in support of the Title VII claim not asserted by the EEOC.[2]

**IT IS SO ORDERED.**

Dated: December 4, 2017

VINCE CHHABRIA
United States District Judge

---

[1] For example, in connection with a supplemental brief to which Duane has not had a chance to respond, IXL submits a declaration from its counsel about a phone conversation he had with Duane's counsel before the email exchange that allegedly sheds light on the meaning of the exchange. IXL's counsel states in his declaration that he memorialized the phone call in writing, but does not attach the writing, apparently out of some misguided effort to protect the attorney-client privilege or attorney work-product. *See* Dkt. No. 39-1 at 2. The document does not, at least based on counsel's description of it, appear to be privileged or subject to the work-product protection, and even if it were, counsel's description of it in the declaration appears to be a waiver.

[2] IXL may also renew its argument that the state law claim is time-barred, although that argument appears much weaker than the res judicata argument.