

ORIGINAL FILED
OCT 29 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IXL LEARNING, INC.,<br><br>Defendant. | Case No. 17-cv-02979-VC<br><br>**COURT'S FINAL VERDICT FORM** |

After you have reached your verdict, please fill out this form. After you have completed the form, let the Courtroom Deputy know you have reached a verdict, without saying what that verdict is. The presiding juror should keep the form and bring it into the courtroom so that the judge may announce the verdict.

Question 1: Did the plaintiffs prove by a preponderance of the evidence that IXL retaliated against Mr. Duane in violation of the ADA?

Yes: _____   No: __X__

Question 2: Did the plaintiffs prove by a preponderance of the evidence that IXL retaliated against Mr. Duane in violation of Title VII?

Yes: _____   No: __X__

If you answered "no" to both these questions, please stop, sign the verdict form, and inform the Courtroom Deputy you have reached a verdict. If you answered "yes" to one or both of these questions, please continue.

Question 3: Did the plaintiffs prove by a preponderance of the evidence that Mr. Duane incurred damages as a result of unlawful retaliation (regardless of which statute)?

    Yes: _____   No: _____

Question 4: If the plaintiffs proved that Mr. Duane incurred damages as a result of unlawful retaliation, your award for past lost earnings and benefits is $101,808.04. How much, if anything, do you additionally award him for necessary out-of-pocket expenses?

    Amount: _____

The remaining questions should be answered only if you responded "yes" to Question 2 – that is, only if you found that IXL violated Title VII. If you found that IXL violated the ADA but not Title VII, you should not answer these remaining questions, but instead sign the verdict form and inform the Courtroom Deputy that you've reached a verdict.

Question 5: What amount do you award Mr. Duane as compensation for any emotional pain and suffering because of the Title VII violation?

    Amount: _____

Question 6: Did the plaintiffs prove by a preponderance of the evidence that IXL's conduct in violating Title VII was malicious, oppressive, or in reckless disregard of Mr. Duane's rights?

    Yes: _____   No: _____

Question 7: If you answered "yes" to the previous question, what amount do you award Mr. Duane in punitive damages for the Title VII violation?

    Amount: _____

Dated:

Oct 29 2018

_____
FOREPERSON